# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VANCE CLARK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, on ) <br> behalf of the UNITED STATES ) <br> DEPARTMENT OF AGRICULTURE ) <br> ) <br> Defendant. ) | Case No. 4:18CV652 HEA |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on Defendant United States of America, on behalf of the United States Department of Agriculture, Rural Housing Service ("USDA")'s Motion to Dismiss, [Doc. No. 45], Defendant John Robinson's Motion to Dismiss or in the Alternative, Motion to Stay the Proceedings, [Doc. No. 68], and Defendant Ann L. Mell's Motion to Dismiss, [Doc. No. 81].[1] For the reasons set forth below, the Motions will be granted.

### Facts and Background

On March 1, 2018, plaintiff Vance Clark ("Plaintiff"), acting pro se, filed this lawsuit in the St. Francois County, Missouri, Circuit Court against the United States of America (the "United States") concerning a property Plaintiff purchased

---

[1] Plaintiff has filed a number of Motions. In that all Defendants are dismissed from this action, Plaintiff's Motions are rendered moot.

in 2009 using a loan from the United States Department of Agriculture, ("USDA"). The United States, on behalf of the USDA ("Defendant") subsequently removed this case to federal court pursuant to 28 U.S.C. §1442(a)(1).

In November 2009, Plaintiff purchased property located at 3416 Hildebrecht Road, Doe Run, Missouri 63637 (the "Hildebrecht Property"). To finance the purchase, Plaintiff sought and obtained a $122,000 loan from the USDA. Plaintiff executed a Deed of Trust in favor of the USDA, which the USDA recorded with the St. Francois County Recorder of Deeds at Document No. 2009R-10926, and re-recorded at Document 2010R-00327.

As a condition of the loan, Plaintiff was required to obtain property insurance. Plaintiff applied for and received a homeowner's insurance policy from Farm Bureau Town and Country Company of Missouri (hereinafter, "Farm Bureau"). In September 2010, the Hildebrecht Property suffered damage from fire. Plaintiff submitted a claim to Farm Bureau, which denied coverage.

On December 28, 2010, Farm Bureau filed a lawsuit in Missouri state court naming Plaintiff and the USDA. *See* Mo. Case No. 10SF-CC00289 (St. Francois County) (the "Farm Bureau Lawsuit"). Farm Bureau alleged that on the application for insurance, Plaintiff concealed the fact that he had prior felony convictions. Farm Bureau alleged that the USDA, as the mortgagee on the Hildebrecht Property, was "subject to the same terms, exclusions, and conditions

that apply to the named insured." The United States counter-claimed, alleging Farm Bureau owed the United States for the property loss under the homeowner's policy because the United States was the mortgagee on the property.

Farm Bureau and the USDA settled the claims between them, whereby Farm Bureau agreed to pay the USDA an undisclosed amount of money. On February 21, 2014, the USDA and Farm Bureau agreed to a voluntary dismiss the USDA from the Farm Bureau Lawsuit.

The USDA applied the settlement proceeds to the outstanding balance of Plaintiff's loan, although the settlement was insufficient to satisfy the outstanding principal balance. Farm Bureau is still prosecuting the Farm Bureau Lawsuit against Plaintiff in the state court.

Plaintiff stopped making payments to the USDA on the remaining balance of the $122,000 loan. On February 21, 2012, the USDA sent via certified mail an acceleration letter pursuant to the promissory note signed by Plaintiff, demanding full payment of the outstanding loan balance and accrued interest. When Plaintiff failed to comply, the USDA contacted the caretaker of Plaintiff's property, notifying him that the USDA intended to foreclose on Plaintiff's property.

On April 30, 2018, the Substitute Trustee under the Deed of Trust conducted a foreclosure sale of the Hildebrecht Property. The foreclosure sale netted a total of eleven thousand dollars ($11,000.00) in proceeds. Because the foreclosure sale did

not satisfy the outstanding principal balance on the loan, there were no excess proceeds to remit to Plaintiff.

On August 22, 2018, Plaintiff filed a motion for leave to file a fourth amended petition. Plaintiff filed his fourth amended petition on August 27, 2018. In the fourth amended petition, Plaintiff names Defendants United States, John Robinson, and Ann L. Mell.

Plaintiff raises five counts in his fourth amended petition. In Counts I and II, Plaintiff requests a declaratory judgment interpreting provisions of the homeowner's contract between Plaintiff and the Farm Bureau, and alleges the USDA breached the terms of that contract. Count III alleges the USDA wrongfully seized $1,240.00 of Plaintiff's tax refund, and alleges that Plaintiff sustained injury when the United States removed his state court litigation to this Court. Plaintiff demands the United States pay him damages because the United States removed this case to federal court.

In Count IV, Plaintiff once again alleges that the United States breached the terms of his homeowner's insurance policy. He further alleges that the defendants "had a meeting of minds in circumventing Plaintiff's rights," when it removed this case to federal court prior to him having a hearing before the state-court judge. Plaintiff further alleges that the foreclosure of his property was wrongful and

fraudulent. In Count V, Plaintiff alleges that the United States and the individual defendants engaged in a "conspiracy" causing Plaintiff damages.

Defendant USDA moves to dismiss for lack of subject matter jurisdiction. Defendant Mell moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Defendant Robinson moves to dismiss or alternatively stay this proceeding pursuant to the *Colorado River* Doctrine.

## Legal Standards

**Subject Matter Jurisdiction**

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.*, 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d 724, 730). The plaintiff has the burden of proving jurisdiction exists. *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730.

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Id.* at 729. "Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion." *Id.*

In "a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* In a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 729 (citation omitted).

**Sovereign Immunity**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citation omitted).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). "To sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *VS Ltd. P'ship v. Dept. of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). If sovereign immunity applies, the Court lacks subject matter jurisdiction, and the matter must be dismissed without prejudice. *Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012).

**Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Iqbal*, 556 U.S. at 678. For the purposes of a motion to dismiss a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

**Colorado River Doctrine**

Federal courts ordinarily have a "virtually unflagging obligation" to exercise their jurisdiction. *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). But the Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts "unique and substantial discretion in deciding whether to declare the rights of litigants" or to abstain in deference to a parallel state suit. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This decision is "controlled by the court's personal judgment," *Aetna Cas. & Sur. Co. v. Jefferson Trust & Sav. Bank of Peoria*, 993

F.2d 1364, 1366 (8th Cir. 1993) (internal quotations and citation omitted), and guided by "considerations of judicial economy, considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings." *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013) (internal quotations and citations omitted).

The Eighth Circuit has instructed that the "key consideration for the district court is 'to ascertain whether the issues in controversy between the parties to the federal action ... can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Jones*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)). A district court must dismiss a declaratory action that a state court can better resolve, because "it would be uneconomical as well as vexatious" to proceed under such circumstances. *Haverfield*, 218 F.3d at 874-75 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

The *Colorado River* abstention doctrine permits federal district courts to decline to exercise jurisdiction only "when [1] parallel state and federal actions exist and [2] exceptional circumstances warrant abstention." *Fru–Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

Because federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," the *Colorado River* abstention is appropriate only in

10

"exceptional circumstances" where the surrender of federal jurisdiction is supported by "the clearest of justifications." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). In determining whether a specific case presents "exceptional circumstances," a court must "tak[e] into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colorado River*, 424 U.S. at 818-19.

Where parallel state and federal proceedings exist, the court examines the following six, non-exhaustive factors to determine whether exceptional circumstances are present that warrant abstention:

> (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed; (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases; (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). These factors are not intended to be applied as a "mechanical checklist," but should be weighed "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015). When examining the factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction."

## Discussion

**Defendant USDA and Defendant Mell in her Official Capacity**

Defendants USDA and Mell in her official capacity are protected by sovereign immunity. Plaintiff has failed to identify any applicable statute in which the USDA has waived sovereign immunity for the USDA and Defendant Mell in her official capacity. *See, e.g., Kriegel v. U.S. Dept. of Agric.*, No. 2:17-CV-00216-D-BP, 2018 WL 3598774, at *2 (N.D. Tex. June 29, 2018) (recommending dismissal of claims against USDA based on sovereign immunity, because "Plaintiff has not alleged or otherwise shown that Congress has waived the Defendants' sovereign immunity as to the claims asserted in his Complaint"), Report and Recommendation adopted, No. 2:17-CV-216-D, 2018 WL 3586401 (N.D. Tex. July 25, 2018) (dismissing claims against USDA) .

Defendant USDA and the claims against Defendant Mell in her official capacity, are dismissed from this action.

**Defendant Mell in her Individual Capacity[2]-Failure to State a Claim**

In *Bivens*, the Supreme Court created an implied cause of action based on a Fourth Amendment violation. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Court subsequently found the

---

[2]   Defendant Mell claims that service on her is ineffective because Plaintiff failed to serve the Attorney General or the United States Attorney for the Eastern District of Missouri as required by Rule 4(i)(3) of the Federal Rules of Civil Procedure.  In that Defendant Mell has substantively challenged the adequacy of Plaintiff's claims against her, the Court will not address the service of process issues.

*Bivens* remedy available for violations of an individual's rights under the equal protection component of the Fifth Amendment Due Process Clause and for deliberate indifference to a serious medical condition under the Eighth Amendment. *See Davis v. Passman*, 442 U.S. 228, 230 (1979); *Carlson v. Green*, 446 U.S. 14, 17–19 (1980). "These three cases—*Bivens, Davis*, and *Carlson*—represent the .only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

In *Ziglar*, the Court was faced with claims from detainees held on immigration violations after the September 11, 2001 terrorist attacks. Plaintiffs' suit challenged the official policies resulting in their detention and the conditions of confinement they endured while detained. *Id.* at 1852–53. The Court concluded that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

It held that federal courts should exercise caution before extending the remedy to claims that are meaningfully different than "the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant [*Bivens*]; a claim against a Congressman for firing his female secretary [*Davis*]; and a claim against prison officials for failure to treat an inmate's asthma [*Carlson*]." *Id.* at 1860.

13

The recognition of a cause of action is context-specific, and the Court has established a rigorous inquiry that courts must use before implying a *Bivens* cause of action in a new context. *See Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). First, courts must ascertain whether a plaintiff's claims arise in a new *Bivens* context. "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], then the context is new." *Ziglar*, 137 S. Ct. at 1859. The Court held that

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential factors that previous *Bivens* cases did not consider.

*Id.* at 1860. If the context is new, then the court must ask whether "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. Finally, courts must also analyze "any special factors counseling hesitation before authorizing a new kind of federal litigation," otherwise known as the "special factors analysis." *Id.* "The Court's precedents now make clear that a *Bivens* remedy will not be available if there are special factors counseling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857. The Supreme Court has not defined the phrase "special factors

counseling hesitation," but the Court has observed that the "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58. Put more simply, to be a "'special factor counseling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Id.* at 1858. Plaintiff has failed to present any reasons why this Court should expand *Bivens* to include this action wherein Plaintiff is seeking a Declaratory Judgment on the propriety of the foreclosure action and the settlement of Farm Bureau and the USDA.

**Defendant Robinson**

Defendant Robinson moves to dismiss this action against him based on the *Colorado River* Doctrine. Based on the factors delineated by the Eighth Circuit Court of Appeals, the Court agrees. The Circuit Court of St. Francois County, Missouri has established jurisdiction over the issues raised herein in the case filed by Farm Bureau against Plaintiff and the USDA, Plaintiff has answered in that matter and has filed counterclaims, and has brought a claim against Defendant Robinson in that action. Factor one favors abstention.

The property is located in St. Francois County, the foreclosure occurred in St. Francois County, and the insurance policy was applied for and issued in St.

Francois County. This federal forum is clearly less convenient that the State Forum. Factor two favors abstention.

Abstention is favored under Factor three. All of the parties are present in the State action, whereas Farm Bureau is not present in this Court, and its presence may be necessary for a full determination of the issues raised. Likewise, having both actions proceed may result in inconsistent judgments. The resulting piecemeal litigation can be avoided by proceeding solely in the State Court.

The State Court case has priority over this action. It has been pending since 2010, with Plaintiff filing his counterclaims in September, 2015. This action was filed in March, 2018, thus pending a far shorter time than the State action; the State action has advanced significantly further that the case has in this forum. Factor four favors abstention.

State law controls the issues in this case completely. There are no federal law issues before either court. Factor five favors abstention.

Likewise, Plaintiff's federal rights are not at issue. All of Plaintiff's claims against Defendant Robinson arise under Missouri law. Factor six favors abstention.

All factors to be considered under the *Colorado River* Doctrine favor abstention. The most appropriate forum for Plaintiff's claims is the parallel action

currently pending in St. Francois County, Missouri. As such, the Court will abstain from exercising jurisdiction over Plaintiff's declaratory judgment action.

## Conclusion

Based upon the foregoing analysis, the Motions to Dismiss are well taken. This action will be dismissed.

Accordingly,

**IT IS HERBY ORDERED** that Defendant United States of America, on behalf of the United States Department of Agriculture, Rural Housing Service ("USDA")'s Motion to Dismiss, [Doc. No. 45], is **GRANTED**.

**IT IS FURTHER** ORDERED that Defendant John Robinson's Motion to Dismiss or in the Alternative, Motion to Stay the Proceedings, [Doc. No. 68], is **GRANTED**.

**IT IS FURTHER** ORDERED that Defendant Ann L. Mell's Motion to Dismiss, [Doc. No. 81], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 13th day of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE